

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF WYOMING

FILED

3:37 pm, 6/29/12

Tim J. Ellis
Clerk of Court

| In re | ) | |
| --- | --- | --- |
| | ) | |
| THORBARDIN, LLC, | ) | Case No. 12-20104 |
| | ) | Chapter 11 |
| Debtor. | ) | |

## OPINION ON MOTION TO DISMISS

On June 13, 2012, this matter came before the court for an evidentiary hearing on the Motion to Dismiss filed by Pinnacle Bank ("Pinnacle") and Farm Credit Services of America ("Farm Credit"); the joinders filed by First Bank of Wyoming ("First Bank") and Security State Bank ("Security State") (collectively known as "Creditors") and the response filed by Thorbardin Ranch, LLC ("Thorbardin"). The parties were represented as stated on the record. The court, having reviewed the record, evidence and testimony, is prepared to rule.

**Jurisdiction**

This court has jurisdiction of this matter under 18 U.S.C. §1334 and §157(b). This matter was brought before the court under 11 U.S.C. §1112(b).[1]

**Facts**

Thorbardin filed this chapter 11 bankruptcy case on February 16, 2012, having previously filed a chapter 11 bankruptcy case on November 13, 2009.[2] The previous case

---

[1] Unless otherwise indicated, all future statutory references are to the Bankruptcy Code, Title 11 of the United States Code.

[2] Case No. 09-21157.

was dismiss by order of this court and the case closed on October 12, 2011.

Thorbardin, its related business entities, Thorbardin, LLC and TBR Investments, LP, and the principals of those entities, Dr. and Mrs. Vaillencourt have been involved in multiple bankruptcy and Wyoming state court actions in attempts to stave off collection actions since before the first bankruptcy case was filed.

After the previous case was dismissed, Pinnacle and Security State foreclosed on the real property located in Albany County, Wyoming. Additionally, the real property located in Johnson County, Wyoming was sold at an auction sale. Farm Credit filed a replevin action in state court to repossess farm equipment.

At the time that this second bankruptcy case was filed, Thorbardin retained its rights of redemption under Wyoming law, on the Albany County property. After Thorbardin filed this bankruptcy case, Pinnacle was granted relief from the stay to pursue its state court remedies. In state court, Pinnacle was granted it's request for an appointment of a receiver. First Bank moved for and was granted relief from the stay to proceed in state court to repossess and sell the cattle.

**Discussion**

The Creditors seek to dismiss this case, for cause, specifically alleging: (1) the case was filed in bad faith; and, (2) Thorbardin is experiencing a substantial or continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation.

The Bankruptcy Code provides for the dismissal of a Chapter 11, stating, as relevant:

"...on request of a party in interest...the court shall...dismiss a case under this chapter, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."[3]

"The court may not...dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that...dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that –
(A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e)...or...within a reasonable period of time..."[4]

"[T]he term 'cause' includes –
(4) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation."[5]

## Bad faith filing

Creditors assert the case should be dismissed as Thorbardin filed this case in bad faith. Lack of good faith in filing a chapter 11 petition is not included in the non-exclusive examples of "cause" for dismissal of a Chapter 11 case, enumerated in §1112(b)(4). However, it is considered by courts as cause to dismiss.

The Tenth Circuit Bankruptcy Appellate Panel ("BAP") determined that analyzing the "good faith" of a voluntary chapter 11 case, requires that the court consider the "totality of circumstances." The BAP listed numerous situations where "good faith" was found lacking, and which warranted dismissal, including:

"(1) use of bankruptcy as a vehicle to defraud others; (2) persistent failure to comply with applicable court orders, rules or procedures; (3) use of the

---

[3] §1112(b)(1).

[4] §1112(b)(2).

[5] §1112(b)(4).

Page 3

bankruptcy process to escape familial obligations; (4) the secretion of property and other efforts to avoid the disclosure of assets; (5) use of the bankruptcy system to avoid the consequences of prior misconduct; (6) the filing of a case to avoid an obligation under circumstances in which the debtor is not in need of reorganization; (7) the absence of legitimate debt; (8) the absence of any likelihood of rehabilitation; (9) use of bankruptcy as a vehicle to resolve disputes solely between equity participants; (1) use of the bankruptcy process merely to frustrate the rights of creditors (particularly with respect to single asset cases) or to coerce unfair treatment; (11) successive filings without any change in financial condition; and, (12) the so-call new debtor syndrome, in which a debtor is created, or property is transferred, solely for the purpose of commencing a bankruptcy case."[6]

This court finds that numbers (8) and (11) require a review of the Thorbardin facts and circumstances. The balance of the situations are not applicable.

In determining whether Thorbardin had any likelihood of rehabilitation, the court reviews the facts and circumstances of Thorbardin at the time that the bankruptcy petition was filed. At the time the second case was filed, Thorbardin's real estate assets had been sold or were repossessed. Dr. Vaillencourt testified that upon filing this case, he firmly believed that with Thorbardin's ability to redeem the Albany County property and its reduced debt load, it would have a legitimate opportunity to reorganize. Additionally, Dr. Vaillencourt testified that the price of cattle was high and that Thorbardin's income projections were good.

The court's review of the case reflects that at the time the case was filed, Thorbardin was in control and possession of the cattle and equipment. It was not until after the case was filed and relief from the stay was granted to Pinnacle and First Bank that Thorbardin lost its ability to generate an income. At the time of filing the petition, it appears that there

---

[6] *The Society of Lloyd's v Harmsen, (In re Harmsen)*, 320 B.R. 188 (10th Cir. BAP 2005).

was likelihood of rehabilitation.

The court also reviews the financial condition of Thorbardin at the time the second case was filed. In comparing the facts and circumstances of the cases, there was a substantial change in Thorbardin's financial condition. The Albany County property had been foreclosed upon. The Sheridan County property was sold at auction. Although the sale did not produce enough proceeds to satisfy the debt, the deficiency was less that the total amount owed. Dr. Vaillencourt also testified that the sale reduced Thorbardin's monthly operating expenses. The court finds that Thorbardin's financial condition at the time of filing the second case was substantially changed from the first case. Therefore, the court does not find that Thorbardin filed the subsequent Chapter 11 bankruptcy case in bad faith.

## Substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation

As an alternative cause for dismissal, Creditors assert that the case should be dismissed as there is a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation. Since the second bankruptcy case was filed: (1) Pinnacle Bank was granted relief from the automatic stay to pursue its state court remedies; (2) First Bank was granted relief from the automatic stay to proceed in state court to repossess its collateral, i.e. the cattle; and, (3) a receiver was appointed by the state court. Thorbardin is now subject to the authority of the receiver. Additionally, Mr. Vaillencourt testified that Thorbardin had not met its payroll obligations. The court finds that there has been a substantial loss of the estate.

The court finds that the loss of the cattle and the control of the cattle operation is a barrier to its ability to reorganize. As much as the court believes that the principals of Thorbardin want to reorganize, there appears to be an absence of a *reasonable* likelihood of rehabilitation. Their hopes, dreams and ambitions are simply not enough.

In conclusion, the court does not find that Thorbardin filed this chapter 11 bankruptcy case in bad faith. However, it does find that since filing there has been a substantial loss of the estate and that there is not a reasonable likelihood that Thorbardin can reorganize.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

DATED this 29 day of June, 2012.

By the Court

HONORABLE PETER J. MCNIFF
United States Bankruptcy Judge

Service to:
    Stephen Winship
    James ~~Salisbury~~ Belcher
    David Clark
    Janet Tyler